IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
ARKANSAS
CENTRAL DIVISION

JANE DOE            PLAINTIFF

vs.            NO. 4:21-CV-591-JM

HOSPITALITY SOLUTIONS INC., d/b/a            DEFENDANT
EXTENDASTAY MOTEL

vs.

RANDAL BLAIR            THIRD-PARTY DEFENDANT

## ORDER

Pending are two motions filed by Plaintiff seeking discovery and sanctions from third-party defendant Randal Blair and Blair's motion for stay or alternatively, a continuance pending the outcome of a criminal case arising out of the same facts. After consideration of the arguments presented by the parties on these motions, the Court is going to grant Blair's motion for a continuance and deny Plaintiff's discovery motions.

The criminal case against Blair and three co-defendants for sex trafficking is currently set for trial beginning on March 6, 2023, a month following the current setting of the trial in this Court.[1] Hospitality Solutions, Inc. ("Hospitality") who operates the motel at which the criminal actions are alleged to have taken place, brought Blair into this action as a third-party defendant. While the Court recently denied Hospitality's motion for continuance based on the pending criminal trial,[2] a different outcome is warranted on Blair's motion, where he is the one facing criminal charges. In

---

[1] U.S. v. Gaines, et al., 2:21-cr-158-BSM-4, United States District Court of Arkansas, Eastern Division.
[2] Doc. No. 55.

considering the substantial extent to which the defendant's Fifth Amendment rights against self-incrimination are implicated under these circumstances, the Court finds that a short continuance is warranted in the interests of justice. *See Keating v. Office of Thrift Supervision,* 45 F.3d 322 (9th Cir.1995); *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970).

Of course, Plaintiff's interest in proceeding with her civil litigation and the public's interest in the resolution of this sex-trafficking case against the hotel remain competing factors in the decision to grant a continuance. It is anticipated that the delay in this civil matter will be short with the pending criminal trial set March 6, 2023. In the event the criminal trial is continued and Blair consequently seeks another continuance of this civil proceeding, the Court will take into consideration whether it was Blair who requested the continuance of the criminal trial. A separate amended final scheduling order will be entered; it will allow the parties at least 30 days to conduct discovery following the resolution of the criminal trial.

In light of the additional time being granted for discovery following the criminal trial, both of Plaintiff's discovery motions directed at Blair—her motion for Rule 37 sanctions or alternatively to compel (Doc. No. 56) and her motion for order compelling answers to discovery (Doc. No. 58), are denied. They are also denied on the merits. As to the motion for sanctions, Plaintiff submitted request for production of documents to Blair seeking his "criminal history and criminal file." Blair responded that he did not have responsive documents and invoking his Fifth Amendment rights.[3] Under the circumstances of this case, Blair's response is not sanctionable.

---

[3] The Court was not provided a copy of the contested discovery or the responses; this information is taken from the briefs.

As to Plaintiff's motion to compel, the Court has reviewed the offered portions of the transcript and finds that Blair properly invoked his Fifth Amendment rights against self-incrimination in his deposition by not asserting a blanket objection and responding to each question posed.  While some of the questions may seem unrelated to criminal activity, the answers could pose a substantial risk of self-incrimination given that questions were posed in the context of discovering evidence that might tie Blair to the criminal activities allegedly conducted by Hospitality. "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Hoffman v. United States*, 341 U.S. 479, 486–87, 71 S. Ct. 814, 818, 95 L. Ed. 1118 (1951). In reaching its conclusion, the Court heeds the Supreme Court's "oft-repeated admonition that the courts must 'indulge every reasonable presumption against waiver of fundamental constitutional rights.'" *Emspak v. United States*, 349 U.S. 190, 197–98, 75 S. Ct. 687, 692, 99 L. Ed. 997 (1955) (citation omitted).

Therefore, it is ordered that:

1. Blair's alternate motion for continuance (Doc. No. 61) is GRANTED, and a separate amended scheduling order will be entered.

2.  Plaintiff's motion for sanctions or, alternatively, to compel (Doc. No. 56) is DENIED.

3.  Plaintiff's motion to compel (Doc. No. 58) is DENIED.

IT IS SO ORDERED this 15th day of December, 2022.

_____
UNITED STATES DISTRICT JUDGE