IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
ARKANSAS
CENTRAL DIVISION

JANE DOE                                                                                              PLAINTIFF

vs.                                          NO. 4:21-CV-591-JM

HOSPITALITY SOLUTIONS INC., d/b/a                                              DEFENDANT
EXTENDASTAY MOTEL

vs.

RANDLE BLAIR                                                                   THIRD-PARTY DEFENDANT

<u>ORDER</u>

Pending the motion for partial summary judgment filed by Defendant Hospitality Solutions, Inc. ("Hospitality"). (Doc. No. 66). Plaintiff has responded, and Hospitality has filed a reply. For the reasons stated below, the motion is denied.

Summary judgment is appropriate only when the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex*, at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial.

Hospitality seeks summary judgment on Plaintiff's claim brought pursuant to Ark. Code. Ann. § 16-118-109, which provides a civil cause of action for victims of human trafficking. The phrase "victims of human trafficking" is defined as a person who has been subjected to "trafficking of persons"[1] which in turn is defined by Ark.

---

[1] Ark. Code Ann. § 5-18-102 (18).

Code Ann. § 5-18-103 as follows:

> (a) A person commits the offense of trafficking of persons if he or she knowingly:
>
> (1) Recruits, harbors, transports, obtains, entices, solicits, isolates, provides, or maintains a person knowing that the person will be subjected to involuntary servitude;
>
> (2) Benefits financially or benefits by receiving anything of value from participation in a venture under subdivision (a)(1) of this section;

Ark. Code Ann. § 5-18-103.

Hospitality argues that Plaintiff cannot establish that Defendant "knowingly" benefitted financially or by receiving anything of value from participating in a human trafficking venture involving Plaintiff.  In support of its motion Hospitality submits the declaration of Anish Patel, excerpts from Plaintiff's deposition, and excerpts from Kevin Patel's deposition.(Doc. Nos. 66-1, -2, and-3). Anish Patel, an owner and shareholder of Hospitality, denied any knowledge of the alleged trafficking of Plaintiff and stated that no shareholder or employee knew that any persons were the victims of alleged traffickers at the motel. He also denied that Hospitality knowingly profited from any alleged trafficking of Plaintiff and that no shareholder or employee had any knowledge that Blair was engaged in any illegal activity.  Kevin Patel, who lived at the Hospitality motel where the trafficking is alleged to have been committed, testified that he never saw any underage girls or women going to a room rented by Blair and that Blair's conduct was never suspicious.  In Plaintiff's deposition, she stated that she never went into the lobby with Blair to rent a room, she only stayed with him two to three hours each time, and she never interacted with the staff at the motel.

In response, Plaintiff came forward with strong evidence to dispute the facts put forth by Hospitality.  First, former Hospitality employee Donna Lewis testified that she

recognized Blair as a frequent customer and that he was often accompanied by young females. Nil Patel testified that he and Kevin and Anish had taken sex trafficking classes from Asian American Hotel Owners Association (AAHOA), which training Kevin was supposed to pass on to the hotel's employees.  Former employees Donna Lewis and Teresa Wittier who both worked under Kevin stated that they were not trained on how to spot sex trafficking or what to do if they suspected it, directly contradicting Kevin and Nil's testimony that the hotel's employees were trained. The former director of the Anti-Human Trafficking Task Force for the Missouri Attorney General's Office who is familiar with the AAHOA program testified that the training taught that evidence of prostitution occurring was an indicator of sex trafficking. Donna Lewis stated that she suspected prostitution was occurring at the motel and reported it to Kevin Patel on several occasions, but that Kevin only addressed it "if it caused congestion in the parking lot or became disruptive." (Doc. 76-6).  Plaintiff also submitted evidence of a preventing-human-trafficking poster that hung in Hospitality's office that listed paying cash for a room one day as evidence of trafficking, and that Blair paid Hospitality over $9,000 cash for 134 one-night rentals from March 29, 2017 through January 12, 2021.

      This is not all of the evidence brought forward by Plaintiff, but it is more than sufficient to present a genuine issue of material fact on the issue of whether Hospitality knowingly benefited financially from human trafficking. The Court finds that Plaintiff does not have to establish that Hospitality knew of her, personally, as one of the victims of human trafficking to recover under Ark. Code Ann. § 16-118-109.

For these reasons, Hospitality Solutions motion for partial summary judgment (Doc. No. 66) is DENIED.

IT IS SO ORDERED this 15th day of December, 2022.

_____
UNITED STATES DISTRICT JUDGE